**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JUAN GOMEZ, FRANK PARTIDA, BENJAMIN ALCALA, BRIDGET AGUILAR-PLACERES, NATHAN BROWN, FERNANDO VIDALES, JOHN MUNIZ, TYLER BARTON, MIGUEL SANCHEZ AND ADRIAN GARZA Individually and on Behalf of all Others Similarly Situated,** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **NO. 5:16-CV-931** |
| **Plaintiffs,** | §<br>§<br>§ | |
| **vs.** | §<br>§ | |
| **LOOMIS ARMORED US, LLC,** | §<br>§<br>§ | |
| **Defendant.** | §<br>§<br>§ | |

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT AND STIPULATION OF DISMISSAL**

Plaintiffs Juan Gomez, *et al.*, and Loomis Armored US, LLC (collectively "the Parties") file this Joint Motion for Approval of Settlement and Stipulation of Dismissal. The Parties seek approval of a settlement under Section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). The Confidential Settlement Agreement and Release ("Confidential Settlement Agreement") is filed separately via a sealing motion. This matter does not relate to settlement of a "class action" under Rule 23 and has not been certified as a collective action under the provision of the FLSA. Consequently, the settlement affects only the individuals who are a party to this litigation and the attached agreement. The settlement does not affect the rights of any non-parties. Furthermore, all outstanding issues in controversy in this case have been resolved and the case should be dismissed.

I.      **Legal Standard**

When reviewing a proposed FLSA settlement, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982).  The endorsement of a proposed FLSA settlement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449, at *14 (S.D. Tex. May 7, 2008).  Settlements in the context of litigation, where there are bona fide issues in dispute and where employees are represented by "an attorney who can protect their rights under the statute" are to be approved by district courts "in order to promote the policy of encouraging settlement of litigation." *Lynn Foods*, 679 F.2d at 1354.  While the Parties have different views of the merits of this case, the Parties agree the settlement is fair, reasonable and represents a reasonable compromise of the disputed issues in this case.

II.     **Background**

On September 9, 2016, Plaintiffs filed this action alleging that Defendant failed to pay overtime wages as required by law. *Dkt 1*.  Plaintiffs alleged in their Complaint that Defendant violated the FLSA by misclassifying them as exempt from overtime requirements.  *Dkt 1*.  Among other allegations, Plaintiffs argued that the "small vehicle exception" to the Motor Carrier Act (MCA) exemption from overtime payment applied to their employment.[1]   The

---

[1] As the Court is aware, employees for whom the Secretary of Transportation can establish qualifications and maximum hours are exempt from the overtime requirements of Section 207(b) of the FLSA.  29 U.S.C. § 213(b)(1). This is commonly referred to as the "MCA exemption."  Various legislative amendments to the powers of the Secretary modified the scope of this exemption, leading to 2008 legislation (SAFETEA-LU Technical Corrections Act of 2008) applying overtime requirements to employees who are regulated by the Secretary if they work certain positions and whose work "affect[s] the safety and operation of motor vehicles weighing 10,000 pounds or less,"

Plaintiffs argued that because the exception applies, they are entitled to overtime payment according to Section 207 of the Fair Labor Standards Act.  29 U.S.C. § 207(a)(2).

Defendant moved for partial summary judgment on issues related to the small vehicle exception.  Following a decision on Defendant's motion and reconsideration by the Court, only a limited number of plaintiffs were potentially misclassified and may be entitled to rely on the small vehicle exception, based on the evidence.  These plaintiffs only have potential damages if Defendant is found to have willfully misclassified them as overtime exempt.

### III.    Settlement is Fair and Reasonable

The Parties' settlement is fair and reasonable because significant uncertainty exists in this case with respect to the facts and the legal standards that will be used.  In particular, Plaintiffs claim that they were non-exempt employees under the FLSA and that they worked more than 40 hours per week.  Defendant, on the other hand, contends that Plaintiffs are not eligible for overtime compensation because they were exempt employees.  The Parties agree that based on the evidence and the Court's decisions in this case, only the plaintiffs identified in the Confidential Settlement Agreement may potentially be entitled to rely on the small vehicle exception to overtime requirements.  Based on the evidence and the Court's decisions in this case, other plaintiffs in this suit were properly classified as overtime exempt.

Further, the Parties disagree on whether Plaintiffs can satisfy their burden to demonstrate Defendant acted willfully when they allegedly violated the law, which in turn affects whether Plaintiffs can recover any damages alleged for two (2) years or three (3) years prior to the filing of the Complaint.  See 29 U.S.C. § 255.  Defendant contends that Plaintiffs will be unable to satisfy this burden, and that a two-year statute of limitations is required.  The Court previously

---

subject to certain other restrictions.  *SAFETEA-LU TCA of 2008* § 306.  This is frequently referred to as the "small vehicle exception."

decided that a fact issue exists on whether Defendant acted willfully only with respect to the plaintiffs for whom the small vehicle exception may apply. *Dkt 42, 50.* The Parties agree that, based on the evidence, the small vehicle exception may apply only to the plaintiffs identified in the Settlement Agreement. The Court decided that Defendant did not willfully misclassify other plaintiffs for whom the small vehicle exception does not apply. *Id.*

Plaintiffs contend that Defendant will not be able to meet its burden to prove that it acted in good faith by classifying Plaintiffs as exempt from the FLSA's overtime requirements, which would implicate the amount, if any, of liquidated damages Plaintiffs could recover if they prevail on their underlying claims. See 29 U.S.C. § 260. Defendant maintains that, at all times, Defendant acted in good faith.

## A.    Calculation of the Settlement Amount

Due to the conflicting factual allegations and differing views on the applicable law, the Parties have agreed that the amounts reflected in the Confidential Settlement Agreement are in the best interest of the Parties. In particular, the Confidential Settlement Agreement allows the plaintiffs named in the Agreement to recover their alleged overtime unpaid wages, plus an additional amount attributable to liquidated damages. The settlement allows the Parties to resolve the claims at issue without the necessity or delay of trial and possible appeals. In exchange for these payments, Plaintiffs agree to release Defendant from any and all claims they may have against Defendant, including, but not limited to, claims for wages, back pay, overtime, liquidated damages, costs, interest, and attorneys' fees.

With respect to the plaintiffs not identified in the Confidential Settlement Agreement, based on the evidence and the Court's decisions in this case, those plaintiffs were properly classified as overtime exempt according to FLSA requirements.

**B.      Attorneys' Fees are Reasonable**

Additionally, the amount designated in the settlement agreement for attorneys' fees is reasonable and fair.   The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."  29 U.S.C. § 216(b).  The lodestar method has a strong presumption of reasonableness and multiplies the number of hours of reasonably spent on a case by an appropriate hourly rate.  *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).  This amount may be adjusted up or down based on the circumstances.  *Id.* at 800.   Attorneys representing Plaintiffs investigated the claims, analyzed records, conducted discovery, prepared and responded to dispositive motions, and performed other work.  Plaintiffs' counsel have achieved a settlement that compensates Plaintiffs for overtime wages and liquidated damages.   Under Defendant's theory, Plaintiffs would not be entitled to damages.   Plaintiffs' counsel's work provided a significant benefit to Plaintiffs.

**IV.     The Court Should Dismiss The Case**

If the Court approves the Confidential Settlement Agreement, it should also dismiss the case.  The Parties agree that based on the evidence and decisions of the Court, the Confidential Settlement Agreement resolves potential liability and damages with respect to the plaintiffs for whom the small vehicle exception may apply.  Similarly, the Parties agree that the remaining plaintiffs will not be entitled to recover any damages at trial.   Consequently the Parties respectfully request that the Court enter an order dismissing this case with prejudice.

**V.      Conclusion**

The terms of the settlement have been approved by Plaintiffs, their counsel, Defendant, and Defendant's counsel.  The settlement was negotiated at arms' length, with both sides ably represented by counsel.   The Parties entered into the Confidential Settlement Agreement

voluntarily and knowingly.  The Parties agree that the terms of the Confidential Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.  The Parties agree that the Confidential Settlement Agreement resolves all potential liability and damages to the Plaintiffs. For the foregoing reasons, the Parties respectfully request that the court enter an order approving their settlement agreement and dismissing the case.  A proposed order is attached for the Court's consideration.

Dated: December 6, 2018

| | |
|---|---|
| /s/ *Dennis L. Richard (w/ permission)* | /s/ *Linda O. Headley* |
| Dennis L. Richard | Linda Ottinger Headley |
| Texas State Bar No. 16842600 | Texas State Bar No. 15344600 |
| dennislrichardlaw@gmail.com | Federal I.D. No.3759 |
| THE LAW OFFICE OF DENNIS L. RICHARD | lheadley@littler.com |
| 14255 Blanco Road | David B. Jordan |
| San Antonio, Texas  78216 | State Bar No. 24032603 |
| 210.314.5688 (Telephone) | Fed. I.D. No. 40416 |
| 210.314.5687 (Facsimile) | djordan@littler.com |
| | LITTLER MENDELSON, PC |
| Lance Clinton Blankenship | 1301 McKinney Street, Suite 1900 |
| Texas State Bar No. 24040534 | Houston, Texas  77010 |
| lance@theblankenshipfirm.com | 713.951.9400 (Telephone) |
| BLANKENSHIP LAW PLLC | 713.951.9212 (Facsimile) |
| 100 NE Loop 410, Suite 610 | |
| San Antonio, Texas 78216 | Claire B. Deason |
| 210.341.5688 (Telephone) | Texas State Bar No. 24087399 |
| 210.341.5687 (Facsimile) | Federal I.D. No. 1724977 |
| | cdeason@littler.com |
| Alfonso Kennard, Jr. | LITTLER MENDELSON, PC |
| Texas State Bar No. 24036888 | 1300 IDS Center |
| alfonso.kennard@kennardlaw.com | 80 South Eighth Street |
| KENNARD LAW, PC | Minneapolis, Minnesota 55402 |
| 2603 Augusta Drive, Suite 1450 | 612.630.1000 (Telephone) |
| Houston, Texas 77057 | 612.630.9626 (Facsimile) |
| 713.742.0900 (Telephone) | |
| 713.742.0951 (Facsimile) | **ATTORNEYS FOR DEFENDANT** |
| | **LOOMIS ARMORED US, LLC** |
| **ATTORNEYS FOR PLAINTIFFS** | |

6